## Fitler Estate

338

*High, Swartz, Roberts & Seidel* and *Ballard, Spahr, Andrews & Ingersoll,* for accountant.

*Roland Fleer,* guardian and trustee ad litem.

TAXIS, P. J., March 9, 1966.—The reason or purpose of the filing of the account presently before the court is the lapse of time since the last accounting and to secure approval of the transfer to income of various stock dividends and rights received since the last accounting. . . .

This is a testamentary trust under the will of decedent, who died November 20, 1942. Decedent gave the residue of her estate in trust to pay the net income one half each to her son William Wonderly Fitler, Jr., and her daughter, Rachel Fitler, for their lives. Each life beneficiary is given limited testamentary power to appoint one half of the principal among descendants. In default of exercise of that power, the remainder goes to the child's descendants living on his or her death per stirpes.

Both decedent's children survived her and the trust for them became operative. Rachel Fitler, the daughter, is still living, unmarried and without issue. Wil-

liam Wonderly Fitler, Jr., the son, died May 30, 1947. By his will, he exercised his power of appointment over his one half of principal. He appointed it in trust to pay income to his son, William Wonderly Fitler, III, and to his daughter, Margaretta Large Fitler Rockefeller, in equal shares for their lives and, on the death of each, one half the principal to his and her issue.

Both children of William Wonderly Fitler, Jr., survived him and are still living. By reason of his death, an account of the entire trust was filed and an adjudication of this court, dated February 4, 1948, awarded one half of the balance of principal back to the surviving trustee in continuing trust for Rachel Fitler. It is this fund which is before the court on the present accounting. The other one-half balance of principal of the entire original trust was awarded to the trustees appointed by William Wonderly Fitler, Jr., in the exercise of his power of appointment for his two children.

In paragraph 15 (b) of her will, decedent directs payment of one half the net income of the original trust of the entire residuary estate to her daughter Rachel for life. Then, in paragraph 19 (h), she provides as follows:

"(h) All extraordinary dividends declared upon corporate stock held in trust, whether payable in cash, stock, rights to subscribe to stock of the issuing or another corporation, or otherwise, shall be treated wholly as income, but any profits realized from such stock, either upon the sale of the stock held in trust, or upon the sale or dissolution of the issuing corporation, or otherwise, shall be treated wholly as principal".

The account presently before the court covers the period from May 3, 1948, to August 5, 1965, and during that period, there were received stock dividends and rights to subscribe, totalling 42 in number.

In the present accounting, stock dividends received by the trustee range between two percent and 100

percent. Twenty-seven of these dividends are six percent or less; 15 of these dividends are between eight percent and 100 percent.

Ordinarily under the Principal and Income Act of July 3, 1947, P. L. 1283, the 15 dividends would be principal, but that statute applies only where there are no provisions in the trust instrument; hence, paragraph 19 (h) of the will expressly overrides the statute, and the stock dividends exceeding the six percent are clearly income distributable to the life beneficiary.

This leaves open only the stock dividends of six percent or less. Three of these six percent dividends were declared after the Act of August 1, 1963, P. L. 442, amending the Principal and Income Act of 1947, and by virtue of that statute these three dividends are clearly income.

This leaves for further discussion the 24 dividends of six percent or less which were received between July 3, 1947 (Principal and Income Act of 1947), and September 30, 1963, the effective date of the amendments of the Principal and Income Act of 1947.

In Pew Trust, 411 Pa. 96, decided on May 29, 1963, the court held that the intent of settlor that stock dividends of six percent or less be treated as income was supplied by the general knowledge that such dividends were income without need for anticipating a future change by statute including express provisions in a trust instrument. The Fitler will, however, is not entirely silent, as was the trust instrument in Pew Trust, on the subject of stock dividends. In the case before the court, testatrix here did spell out expressly her intent as to extraordinary dividends only, paid in cash, stock, or rights; thus, by using the term extraordinary, the words "ordinary stock dividends" would seem to be excluded, because they have been omitted from the itemization of those dividends to be treated as income. Thus, the real question is whether such exclusion of

ordinary dividends evidenced testator's intent that ordinary stock dividends are to be treated as principal. I think not. I conclude that Mrs. Fitler had the right and no doubt did rely on the general knowledge that ordinary stock dividends are income, and confined her expressions of intent only to those dividends which required special attention, which explains the use of the word "extraordinary" dividends and her reason for not dealing expressly with ordinary stock dividends. To rule otherwise would attribute to testatrix a contradictory intent; i.e., to give away as income 100 percent stock dividends but to retain in principal two percent dividends. This she did not intend. Although Pew Trust is somewhat distinguishable, it is helpful, and I conclude that the 24 stock dividends of six percent or less declared between the Principal and Income Act of 1947 and its amendment in 1963 are income, and awards hereinafter made are made consistent with this conclusion. . . .

And now, March 9, 1966, this adjudication is confirmed nisi.